IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARTIN J. WALSH,<br>SECRETARY OF LABOR,<br>UNITED STATES DEPARTMENT OF LABOR,<br><br>    Plaintiff,<br><br>    v.<br><br>RELIABLE HOME HEALTH, LIMTED, D/B/A<br>RELIABLE HOME HEALTH, and<br>ALI MOHAMED<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 2:21-cv-1565<br>)<br>)<br>)<br>)<br>) JURY TRIAL DEMANDED<br>)<br>) |

## COMPLAINT

Plaintiff, Martin J. Walsh, Secretary of Labor, United States Department of Labor ("Plaintiff"), brings this action to enjoin Reliable Home Health, Limited, a Pennsylvania corporation, d/b/a Reliable Home Health, and Ali Mohamed (collectively, "Defendants") from violating the provisions of Sections 6, 7, 11(c) and 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("the Act"), and for a judgment against Defendants in the total amount of back wage compensation found by the Court to be due to any of the employees of Defendants pursuant to the Act and an equal amount due to the employees of Defendants in liquidated damages.

1.    Jurisdiction of this action is conferred upon the Court by Section 17 of the Act, 29 U.S.C. § 217, and by 28 U.S.C. §§ 1331 and 1345.

2.    Defendant Reliable Home Heath, Limited ("Reliable") is a corporation duly organized under the laws of the Commonwealth of Pennsylvania. Reliable's registered address and principal place of business is 1000 Main Street, Suite 202, Pittsburgh, PA, 15215, within the

jurisdiction of this Court. Reliable is a third-party employer that provides in-home care operating out of this same location, within the jurisdiction of this Court.

3. Defendant Ali Mohamed is the sole owner of Reliable. Mr. Mohamed directs employment practices and has directly or indirectly acted in the interest of Reliable in relation to its employees at all relevant times herein, including interviewing, hiring, setting pay rates for employees and setting the conditions of employment. Mr. Mohamed resides in Pittsburgh, PA, within the jurisdiction of this Court.

4. Defendants employ persons in domestic service in households for profit, which affects commerce per Section 2(a)(5) of the Act. Defendants' caregiver employees provide in-home care services to senior citizens.

5. Defendants violated the provisions of Sections 6 and 15(a)(2) of the Act by paying an employee employed as a caregiver at rates less than the applicable statutory minimum rate prescribed in Section 6 of the Act.  Therefore, Defendants are liable for unpaid minimum wages under Section 15 of the Act.

6. For example, during the time period from at least February 4, 2020 through at least February 17, 2020, Defendants failed to pay an employee for three eight-hour shifts during a two-week period.  As a result, for those two workweeks, Defendants paid that employee less than the applicable statutory minimum rate prescribed in Section 6 of the Act.

7. Defendants violated the provisions of Sections 7 and 15 of the Act. Defendants employed caregiver employees for workweeks longer than forty hours without properly compensating said employees at rates not less than one-and-one-half times their regular rates of pay. Therefore, Defendants are liable for the payment of unpaid overtime compensation and an equal amount of liquidated damages under Section 16(c) of the Act.

8. For example, during the time period from at least March 25, 2019, through at least March 1, 2021, Defendants failed to compensate their employees employed as caregivers who worked over forty hours in a workweek at rates not less than one-and-one-half times their regular rates of pay. During this time period, these employees worked at least one hour in excess of forty hours per workweek. The employees worked, on average, approximately fifty hours per workweek.

9. Defendants paid employees at established regular hourly rates ranging between $11.00 and $13.00 per hour. Defendants paid employees straight time for all hours worked per Defendants' payroll records, and did not pay the required one-and-one-half times the regular rate of pay for overtime hours worked in excess of forty per workweek.

10. In addition, during the time period from at least March 2, 2021, through at least March 15, 2021, Defendants paid the required one-and-one-half times the regular rate of pay only to caregiver employees who worked more than eighty hours within a two-week period. Defendants failed to pay the required one-and-one-half times the regular rate of pay to employees who worked more than forty hours in a workweek. The employees worked, on average, approximately fifty hours per workweek.

11. In addition, during the time period from at least March 25, 2019 through at least March 15, 2021, Defendants failed to properly compensate certain of their caregiver employees who worked over forty hours in a workweek by neglecting to properly incorporate non-discretionary bonuses into these employees' regular rate of pay. During this time period, employees were informed that they would receive bonuses from $50.00-$200.00 if they timely submitted paperwork verifying that they completed their annual training requirements. Approximately twelve employees complied and received bonuses. The non-discretionary

bonuses were not incorporated into these employees' regular rate of pay, and the employees were denied the required one-and-one-half times the regular rate of pay for overtime hours worked in excess of forty hours per workweek. The employees worked, on average, approximately fifty hours per workweek.

12. Defendants violated the provisions of Sections 11(c) and 15(a)(5) of the Act in that Defendants failed to make, keep, and preserve adequate and accurate records of their employees, as prescribed by 29 C.F.R. § 516.

13. For example, Defendants generally used only the employees' first names on time and payroll records, and failed to include either home addresses or dates of birth. Time records also did not consistently indicate the time of day and day of week on which the employees' workweek began. In addition, Defendants' records failed to include total premium pay for overtime hours, and did not include the nature of bonuses excluded from the regular rate of pay. *See* 29 C.F.R. § 516.2(a).

WHEREFORE, cause having been shown, the Secretary prays for judgment against Defendants providing the following relief:

(1) For an injunction issued pursuant to Section 17 of the Act permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with Defendants who receive actual notice of any such judgment, from violating the provisions of Sections 6, 7, 11(c), 15(a)(2) and 15(a)(5) of the Act; and

(2) For judgment pursuant to Section 16(c) of the Act finding Defendants liable for unpaid minimum wage and overtime compensation due to certain of Defendants' current and former employees listed in the attached Schedule A for the period from at least March 25, 2019 through at least March 15, 2021 and for an equal amount due to certain of Defendants' current

and former employees in liquidated damages. Additional amounts of back wages and liquidated damages may also be owed to certain current and former employees of Defendants listed in the attached Schedule A for violations continuing after March 15, 2021, and may be owed to certain current and former employees presently unknown to the Secretary for the period covered by this Complaint, who may be identified during this litigation and added to Schedule A;

(3) For an injunction issued pursuant to Section 17 of the Act restraining Defendants, their officers, agents, employees, and those persons in active concert or participation with Defendants, from withholding the amount of unpaid minimum wages and overtime compensation found due Defendants' employees;

(4) In the event liquidated damages are not awarded, for an Order awarding prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621.

FURTHER, Plaintiff prays that this Honorable Court award costs in his favor, and an order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

| | |
|---|---|
| Mailing Address: | **UNITED STATES DEPARTMENT OF LABOR** |
| U.S. Department of Labor<br>Office of the Regional Solicitor<br>1835 Market Street<br>Mailstop SOL/22<br>Philadelphia, PA 19103 | Seema Nanda<br>Solicitor of Labor<br><br>Oscar L. Hampton III<br>Regional Solicitor |
| (215) 861-5114 (voice)<br>(215) 861-5162 (fax) | <u>*/s/ Edwin Ferguson*</u><br>Edwin Ferguson<br>Trial Attorney |
| ferguson.edwin.m@dol.gov | PA ID # 326670 |
| Date: November 1, 2021 | Attorneys for Plaintiff |