**IN THE UNITED STATES DISTRICT COURT**

**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

MARTIN J. WALSH, )
SECRETARY OF LABOR, )
UNITED STATES DEPARTMENT OF LABOR )
Plaintiff, )
v. )
) Civil Docket No.: 2:21-cv-01565-CB
RELIABLE HOME HEALTH, LIMTED, D/B/A )
RELIABLE HOME HEALTH, and ) )
ALI MOHAMED, )
)
)
)
Defendants. )
)

**BRIEF IN SUPPORT OF H&A's RENEWED MOTION TO WITHDRAW**

Hang & Associates, PLLC ("H&A"), counsel of record for Defendants RELIABLE HOME HEALTH, LIMTED, D/B/A RELIABLE HOME HEALTH, and ALI MOHAMED ("Defendants"), respectfully submits this brief in support its renewed motion for leave to withdraw as counsel of record for Defendants. Reasonable cause exists for the requested withdrawal because, in addition to continued failure to remit payments for outstanding invoices for attorney's fees, the attorney-client relationship has become contentious enough that continued representation may not be appropriate or desirable. Furthermore, H&A has complied with Local Civil Rule 83.2(c) because Defendants refused to sign or approve the withdrawal despite due diligence by H&A.

## ARGUMENT

*A. Reasonable Cause Exits Because Substantial Balance Remains Outstanding and the Prospect of Future Payments is Dim.*

It is well established law in this Circuit that leave to withdraw appearance as counsel may be granted when reasonable cause is found, and reasonable notice is given. *See Novinger v. E.I. De Nemours & Co., Inc.*, 809 F.2d 212, 218 (3d Cir. 1987). Failure to pay attorney's fees is one such reasonable cause. *See Select Brokerage Servs. v. Asset Bldg. Consultants, Ltd.*, Civil Action No. 10-953, 2011 U.S. Dist. LEXIS 7539, at *4 (W.D. Pa. Jan. 26, 2011)("Local Rule 83.2(C)(4) permits withdrawal when the client fails to pay, so long as counsel provides reasonable warning."). Indeed, Rule 1.16 (b)(5) provides that an attorney is permitted to withdraw from representing a client when "the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled." Pa. RPC 1.16(b)(5). Here, Defendants have been warned repeatedly that their failure to pay fees will result in withdrawal applications. On December 6, 2022, H&A emailed defendant Mohamed, informing the latter that Defendants' failure to remit payment for attorney's fees will result in H&A's moving to withdraw. *See* Ex. A to Qu Aff. ¶19. Defendants ignored said warning, prompting H&A to file the original motion to withdraw appearance.

In addition to the substantial balance outstanding on Defendants' account, the prospect of future payment by Defendants is significantly diminished in light of corporate defendant's bankruptcy filings. Indeed, of the two persons who H&A represents in this action, one is a bankrupt corporation and the other is an individual whose income is allegedly dependent on said debtor corporation. Though bankruptcy may not be the bogeyman or a fate worse than death, the prospect that H&A will be reimbursed in the future is certainly less than bright as no reorganization plan has been approved by the Bankruptcy Court yet. Therefore, the significant outstanding balance for unpaid attorney's fees, combined with the low possibility of future payments, warrants withdrawal. *See, e.g., Select Brokerage Servs. v. Asset Bldg. Consultants, Ltd.*, Civil Action No. 10-953, 2011 U.S. Dist. LEXIS 7539, at *6-7 (W.D. Pa. Jan. 26, 2011)("Courts have consistently allowed law firms to withdraw from representing a corporation before new counsel has entered their appearance when there are substantial unpaid bills and a poor prospect of future payment.") (citing *Fid. Nat'l Title Ins. Co. v. Intercounty Nat'l Title Ins. Co.*, 310 F.3d 537, 540 (7th Cir. 2002)).

B. *Defendants' Conduct Have Rendered Continued Representation by H&A Unreasonably Difficult.*

Moreover, continued representation of defendant corporation by H&A serves no meaningful purpose and thus H&A should be granted leave to withdraw. *Cf. Buschmeier v. G&G Investments, Inc.*, 222 Fed. Appx. 160, 163-64 (3d Cir. 2007).

Significantly, H&A cannot effectively represent corporate defendant in any settlement discussions because the financial control of RELIABLE HOME HEALTH, LIMTED, a debtor in possession in the bankruptcy proceeding, falls under the jurisdiction of the U.S. Bankruptcy Court and the appointed Trustee.

More significantly, the attorney-client relationship between H&A and Defendants have deteriorated and become contentious. Indeed, the communications between H&A and Defendants have been fraught with distrust and irreconciliation. *See* Ex. D[1]. Defendants' purported termination of H&A, the change of mind, and later refusal to pay fees are parts and parcel of a mosaic picture portraying the demise of the attorney-client relationship. Indeed, there has been no substantial communications between H&A and Defendants other than disputing fees since November.

Considering the obvious friction and contentious relationship, H&A can no longer competently represent Defendants in this matter. Defendants' refusal to fulfil their contractual obligations to this office and the lack of meaningful communications have rendered continued representation unreasonably difficult, if not impossible. *See* Rule 1.16(b)(6) of Pennsylvania Rules of Professional Conduct. Accordingly, continued representation by H&A may not be appropriate and withdrawal is warranted.

---

[1] Defendants respectfully request that the original unredacted emails between H&A and Defendants be submitted under seal should the Court so requires.

*C. The Attorney-Client Relationship Has Become Contentious.*

The attorney-client relationship has deteriorated and become contentious between H&A and defendants. As such, continued representation has become unreasonably difficult. Defendant Mohamed has first raised the issue of attorney's fees payment to H&A on October 27, 2022. In an email, Defendant Ali stated that attorney's fees paid to H&A may be subject to claw back by the U.S. Trustee. *See* Ex. C to Qu Aff. The fee dispute eventually resulted in Defendants' terminating the engagement of H&A. *See* Ex. D to Qu Aff. Defendants changed their mind about termination the next day. Still, the fee issue remains unresolved. The attorney-client relationship has apparently become contentious because of the fee issue. Not only did the client threaten to fire the attorney, but the attorney had warned and applied for withdrawal. The email exchange between H&A and client has indicated that the trust between them have eroded and now the relationship has become contentious. *See* Ex. D (p.3). As such, further representation by H&A is no longer appropriate. *Cf. Albert Einstein Med. Ctr. v. Physicians Clinical Servs., Ltd.*, CIVIL ACTION NO. 90-3387, 1991 U.S. Dist. LEXIS 18371, at *3 (E.D. Pa. Dec. 30, 1991) (granting leave to withdraw due to contentious relationship). Indeed, like the employees whose rights to compensation Plaintiff is seeking to enforce, H&A is too seeking its right to compensation from Defendants.

*D. Plaintiff will Not be Prejudiced by H&A's Withdrawal.*

Any delay caused by H&A's withdrawal will have minimal impact on Plaintiff. Since the parties are still in briefing for summary judgment, there is no clear indication that when a decision will be made by the Court. As such, it is premature to make any arguments for undue delay. Moreover, Plaintiff could benefit from H&A's withdraw should corporate defendant fails to secure substitute counsel and defaults in this matter. Even if it does find substitute counsel, Plaintiff at most lose additional 30-days of time, which may not be significant considering the substantial time required to go through summary judgment practice and/or potential trial. If vindication of employee's rights is what plaintiff seeks, then pursing the matter against a pro se defendant and defaulting corporation who may or may not secure substitute counsel should not be an issue. Indeed, it is highly doubtful that Defendants would be more willing to pay the affected employees than their counsel. As such, it belies the question that continued representation by H&A serves a meaningful purpose.

Moreover, the timing of the H&A's applications for withdraw is a direct result of breakdown of the attorney-client relationship rather than any dilatory poly. As stated above, the impetus for H&A's withdraw was due to a fee dispute back in October, which resulted in Defendants' refusal to pay their November invoice earlier this month. *See* Ex. D (p. 1-2); Ex. A. Indeed, Defendants admit that they are seeking alternative counsel. *See* Ex. B (p.1). Therefore, it is apparent that H&A's applications for withdraw is the end result of the secular decline of the attorney-client relationship rather than by

insidious design. The extension sought is necessary as Defendants report difficulties in finding substitute counsel.

E. *H&A Has Complied with Local Civil Rule 83.2(C).*

Local Civil Rule 83.2 (C) provides as follows:

> **Withdrawal of Appearance.** In any civil proceeding, no attorney whose appearance has been entered shall withdraw his or her appearance except upon filing a written motion. The motion must specify the reasons requiring withdrawal and provide the name and address of the succeeding attorney. If the succeeding attorney is not known, the motion must set forth the name, address, and telephone number of the client and either bear the client's signature approving withdrawal or state specifically why, after due diligence, the attorney was unable to obtain the client's signature.

H&A has complied with this provision. The undersigned emailed a draft statement for defendant Mohamed and asked the latter to sign said document approving H&A's withdrawal as per Rule 83.2 (C) on December 16, 2022. See Ex. B. Defendant Mohamed refused to sign, citing ongoing search for alternative counsel. Id. Therefore, H&A respectfully state that this office was unable to obtain the client's signature despite due diligence.

## CONLUSION

Therefore, H&A respectfully request that the Court grant this office leave to withdraw appearance for Defendants and extend Defendant's time to file a response to Plaintiff's summary judgement motion.

Dated: Flushing, New York
December 30, 2022

HANG & ASSOCIATES, PLLC.

By: s/ *Ge Qu*
Ge Qu, Esq.
136-20 38th Ave., Suite 10G
Flushing, New York 11354
Tel: 718.353.8588
E-mail: rqu@hanglaw.com