IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JULIE A SU, *SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR*, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| RELIABLE HOME HEALTH, LIMTED, *doing business as* RELIABLE HOME HEALTH, and ALI MOHAMED | ) ) ) ) |
| Defendants. | ) ) |

Civil Action No. 21-1565

Judge Cathy Bissoon

## **ORDER**

Plaintiff's Motion for Summary Judgment (Doc. 41) will be granted.

In the face of blatant violations of sections 7(a), 6(a)(c) and 11(c) of the FLSA, *see* Pl.'s Br. (Doc. 58) at 12–14 (citing record evidence), Defendants advance several arguments in opposition to Plaintiff's summary judgment motion. None are persuasive.

First, Defendant Mohamed attempts to escape liability by arguing that Plaintiff has failed to show that he is an employer under the FLSA. Defs.' Opp'n Br. (Doc. 72) at 3. Given the FLSA's broad definition of an employer, *see* In re Enterprise Rent-A-Car Wage & Hour Employment Practices Litigation, 683 F.3d 462, 467–68 (3d Cir. 2012) (explaining that "[t]he Supreme Court has even gone so far as to acknowledge that the FLSA's definition of employer is the broadest definition"), Defendants' assertion that Ms. Burford also is "responsible for supervising employees," Defs.' Opp'n Br. at 3, does not negate Mohamed's status as an employer. *See* Pl.'s Br. at 6–7 (citing record evidence establishing that Mohamed is joint employer under the economic realities test).

Defendants also challenge the accuracy of Plaintiff's back wage calculations. Defs.' Opp'n Br. at 4–5. To the extent Defendants attempt to create a factual dispute by asserting that Plaintiff's calculations are based on "unreadable" records, the Court's review of the summary judgment record reflects that all of the records that Plaintiff relied upon are readable. Nor do Defendants offer any facts to refute the evidence that the bonuses included in the calculations were non-discretionary. *See* Pl.'s Br. at 15 (citing record evidence). And, as to Defendants' contention that Plaintiff's reconstruction of missing records invited speculation, the methodology employed by Plaintiff, *see id.* at 14 – 17 (detailing the back wage calculations), is legally sufficient. *See* Sec'y United States Dep't of Lab. v. Cent. Laundry Inc., 790 F. App'x 368, 372 (3d Cir. 2019) (explaining that "where recordkeeping FLSA violations have occurred, rather than penalizing the employees by denying recovery based on an inability to prove the extent of undercompensated work, the DOL may submit sufficient evidence from which violations of the Act and the amount of an award may be reasonably inferred"). In the end, Defendants have offered no facts to dispute Plaintiff's calculations.

Defendants also argue that liquidated damages are not warranted under the good-faith exception. Defs.' Opp'n Br. at 5–6. The undisputed record reflects, however, that Defendants did not take affirmative steps to ascertain the FLSA's requirements until after the investigation—that culminated in this lawsuit—was initiated. *See* Pl.'s Br. at 19 (citing record evidence). Therefore, Defendants have not met the requirements for the good-faith exception to mandatory liability for liquidated damages. *See* Sec'y United States Dep't of Lab. v. Am. Future Sys., Inc., 873 F.3d 420, 433 (3d Cir. 2017) (explaining that the good-faith exception "requires that the employer have an honest intention to ascertain and follow the dictates of the Act").

Finally, Defendants contend that, given their current compliance with the FLSA requirements, Plaintiff is not entitled to injunctive relief. Defs.' Opp'n Br. at 7–8. Because Defendants admit that they were not aware of a change in FLSA regulations, despite these regulations becoming effective in 2015, *id.* at 6, the Court certainly cannot rely on Defendants' "say so" that they will not violate the FLSA in the future. As such, a requirement that Defendants follow the FLSA moving forward is warranted.

For all these reasons Plaintiff's Motion for Summary Judgment (**Doc. 41**) is **GRANTED**. Consistent with the above, the Court holds as follows:

1. Defendant Ali Mohamed is jointly and severally liable as an "employer" under Section 3(d) of the FLSA.

2. Defendants are liable for violating Sections 7(a), 6(a)(c) and 11(c) of the FLSA.

3. Defendants are liable to their employees for $104,022.44 in back wages for the period of March 25, 2019 to March 15, 2021.

4. Defendants are liable for liquidated damages under Section 16(b) of the FLSA, totaling $104,022.44; and

5. Defendants are hereby enjoined from further violations of the FLSA.

A separate order of judgment will issue contemporaneously herewith.

**IT IS SO ORDERED**.

September 21, 2023                       s/Cathy Bissoon
                                                                  Cathy Bissoon
                                                                  United States District Judge

cc (via ECF email notification):
All Counsel of Record